UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN G. MOSER,  No. 09-11945

                Debtor(s).
_____/

STERLING PACIFIC LENDING, INC.,

                Plaintiff(s),

    v.  A.P. No. 13-1003

MOSER-DOWNUM LLC., et al.,

                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

    At the time of his Chapter 7 bankruptcy filing on June 26, 2009, debtor John Moser was the owner or the managing member of at least four LLCs, including Moser-Downum, LLC and Unser and Fifth, LLC. From December 7, 2005, to November 14, 2007, Sterling Pacific Lending, Inc., made loans to either Moser or Moser's LLCs, secured by a number of real properties. Moser personally guaranteed the loans made to Moser's LLCs.

1

On December 4, 2008, Moser filed an action captioned *Moser v. Sterling Pacific Lending, Inc.*, Santa Cruz case number CV162123. This action was based on alleged misrepresentations in connection with loans by Sterling Pacific to "Moser and Moser's LLCs", which loans were secured by deeds of trust against real properties owned by "Moser and/or Moser's LLCs". On the same date, each of the LLCs filed separate state court complaints against Sterling Pacific on the same theories. All of these state court actions were pending when Moser filed his bankruptcy petition.

On September 23, 2009, Sterling Pacific removed all five of the pending state court actions to this court. Finding the removal improper, the court remanded them on December 3, 2009.

On February 22, 2010, this court entered an order authorizing Chapter 7 trustee Andrea Wirum "to enter into a compromise of the action the Debtor commenced on his own behalf against Sterling Pacific Lending, Inc., and related parties in Santa Cruz Superior Court." In exchange for dismissal with prejudice of the action and release of claims against them, Sterling Pacific paid Wirum $20,000. On March 17, 2010, Wirum executed the settlement documents. On August 31, 2010, she dismissed the Moser action by filing a request for dismissal with the Santa Cruz Superior Court.

Thereafter, Moser-Downum, LLC and Unser and Fifth, LLC, amended their state court complaints (Case Nos. CV162127 and CV162125). Arguing that the settlement agreement encompassed the claims relating to the Moser properties that were pledged as security interest on the loans referenced above, Sterling Pacific filed the complaint commencing this adversary proceeding. It seeks a judicial determination of the scope and effect of the settlement agreement. Specifically, Sterling Pacific seeks a judicial declaration that all claims relating to the Moser properties were waived, released and dismissed as part of the settlement agreement in the Moser bankruptcy, and that the LLCs are barred from pursuing such claims in the state court actions.

Sterling Pacific's motion for summary judgment is now before the court. For the reasons stated below, the court concludes that the motion should be denied and this adversary proceeding should be dismissed without prejudice so that the state court can determine whether Moser-Downum, LLC and Unser and Fifth, LLC, have claims against Sterling Pacific.

Wirum, aware of the LLCs' state court actions, specifically did not purport to waive or release their claims. First, her application to approve compromise she specifically stated::

> "In addition to the complaint the Debtor filed on behalf of himself, the Debtor filed complaints on behalf of four limited liability companies in which he had an equity interest or management interest or both. The Trustee does not have any role in those other actions because any interest the Debtor's bankruptcy estate (sic) in those entities has been abandoned and is no longer property of the bankruptcy estate. The Trustee is not attempting to settle or otherwise influence disposition of the other four complaints or the rights of the entities that are plaintiffs in those actions, or the rights of the Debtor in those entities."

Second, the settlement agreement does not purport to release the claims of the LLCs. In the first paragraph, which describes the parties to the settlement, the LLCs are not referenced. Instead, it is "Andrea Wirum, Trustee in Bankruptcy of the estate of John Moser" who enters into the agreement with Sterling Pacific, et al. Further, in the first provision, only Moser's action against Sterling Pacific, referenced by case number (CV162123), is defined as "the Action." Paragraph 7 reads, "In exchange for the payment, the Trustee will execute those documents necessary for dismissal with prejudice of the Action in Santa Cruz County Superior court, and shall release the claims identified in paragraph 8 below." Paragraph 8 states, ". . . the Trustee is releasing the Defendants from any and all claims the Trustee and estate has or may have against them . . . ." Finally, the settlement agreement carefully states, "this waiver is limited to the Action (i.e., Case No. CV162123 pending in the Superior Court of Santa Cruz County), and does not extend to any other claim or action . . . including but not limited to other actions currently pending between the Defendants and entities related to the Debtor in Superior Court in Santa Cruz County."

Sterling Pacific named Wirum as a defendant is this adversary proceeding despite the fact that Wirum never purported to assert or settle the claims of Moser-Downum, LLC and Unser and Fifth, LLC. On May 22, 2013, Wirum entered into a stipulation with Sterling Pacific, which again referenced the claims Wirum was releasing. In exchange for dismissal Wirum from this action, she executed a document that reiterates, "in entering the settlement agreement, the Trustee released [Sterling Pacific] and other parties 'from any and all claims the Trustee and estate has or may have

3

against [Sterling Pacific Lending, Inc., et al.] . . . ." Wirum has never asserted anything more.

This adversary proceeding is a rather ill-disguised attempt to get around this court's remand to state court of the numerous actions pending when the bankruptcy was filed. Sterling Pacific had no business removing them in the first place, and even less business filing a separate adversary proceeding seeking to adjudicate the same issues. Except for the one action which was settled, all of the state court actions are to be decided by the state court applying only state law.

When a debtor with an interest in a limited liability company files a personal bankruptcy, the assets of the limited liability company do not become property of the bankruptcy estate. Rather, pursuant to § 541(a)(1) of the Bankruptcy Code, property of the bankruptcy estate is limited to the debtor's interest in the company, not the assets of the company itself.

The task for the state court is a simple one. It must determine if the rights asserted in the pending state court actions belong to the named plaintiff or to Moser personally. To the extent they belong to Moser personally, they have been compromised and no longer exist. To the extent they belong to any other person or entity, they have not been compromised and may be prosecuted. If both Moser and an entity in which he had an interest were damaged by an action, Moser's right to compensation has been compromised away but the entity's has not. Since a bankruptcy estate's rights are governed by state law, *In re Costas*, 555 F.3d 790, 793 (9th Cir.2009), the state court need only consider state law in making its adjudication.

Neither the debtor nor the trustee is a party to the state court actions. The settlement reached in this court carefully excluded those actions from its scope. The court doubts that it has jurisdiction to interfere with the prosecution of those actions, but to the extent it does it will abstain once more so that the state court can decide the issues free of bankruptcy concerns.

For the foregoing reasons, Sterling Pacific's motion for summary judgment will be denied and this adversary proceeding will be dismissed without prejudice. The court will enter an appropriate form of order.

4

Dated: August 5, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

5